# McCabe's Appeal.

1. One who has no interest in the trust estate, has no right to require a settlement of the account of the assignee of it.

2. One of the creditors of an assignor subsequently obtained judgment against him, and levied on real estate which had been acquired by him after the assignment; whereupon, a third person, to whom the said real estate had been conveyed by the debtor in trust for his own wife and children, paid the judgment and received a transfer of it.   It appeared that an individual was willing to have bid at sheriff's sale, for such subsequently acquired property more than the amount of the judgment.

It was *Held*, that as the proceeding against the property, under the judgment, was on the allegation that the conveyance of it was void as against creditors, the assignment of the judgment gave to the assignee of it no interest in the trust fund.

3. A party to a conveyance which the law treats as fraudulent, cannot buy

[McCabe's Appeal.]

off a creditor who is pursuing the property conveyed, and then use the claim of the creditor in order to reimburse himself the money paid out of other property previously assigned by the debtor for the use of his creditors.

APPEAL from the decree of the Court of Common Pleas of *Indiana county*.

R. B. McCabe, assignee of Andrew W. Porter, and Robert W. Porter, appealed from the decree of the said Court, on his account. An appeal was also entered by D. Stanard.

Andrew W. Porter, and Robert W. Porter, by deed dated 8th June, 1839, assigned all their estate, real and personal, to Richard B. McCabe, in trust for the payment of their creditors. The deed was recorded; and the appraisement exceeded $18,000. McCabe, the assignee, filed an account which was confirmed in September, 1841, showing a balance for distribution of above $3000. Distribution was made.

On 10th August, 1843, Andrew W. Porter and wife, for the consideration of $10, conveyed to D. Stanard, in trust for the wife and children of the said A. W. Porter, 1650 acres of land. This real estate appeared to have been acquired after the assignment.

A. & J. B. Stevenson, creditors of A. W. & R. W. Porter, had an action brought in their name against A. W. & R. W. Porter, to May Term, 1846, in the Common Pleas of *Venango* county. R. W. Porter was not summoned. On 30th November, 1848, judgment was recovered against A. W. Porter for $1147.87. *Fi. fa.* was issued to February Term, 1849, and a levy was made on one of the tracts of land embraced in the deed of trust, containing 250 acres. *Vend. exp.* to August Term, 1849. On 18th May, 1849, D. Stanard had paid to one of the attorneys of plaintiff $200, for which a receipt was entered on the writ; and afterwards, Stanard having paid the further sum of $996.19, the balance of the judgment, it was assigned to him by the counsel for plaintiff, *to be proceeded in* for his use, at his own risk, &c.

The testimony of a witness was taken, who deposed that he would have bid $2000, on the 18th May, 1849, for the land levied on, if the sale had not been stopped.

Afterwards an application was made to the Common Pleas of *Indiana* county, by or on the part of D. Stanard, for a citation to McCabe, 'the assignee, to render an account; and the supplementary account, in question in this case, was filed in pursuance of the citation issued.

It was intimated on the part of the assignee, that no other creditor, or either of the assignors, joined in asking for the citation.

Exceptions to the account were filed on behalf of Stanard, and an auditor was appointed, who reported a balance in the hands of the assignee of $2125.69¾. Exceptions were filed, and at September Term, 1851, the Court decreed a balance of $381.32¾, to

[McCabe's Appeal.]

be in the hands of the accountant. From such decree this appeal was taken.

Exceptions were filed in this Court, on the part of the appellant, and also on the part of D. Stanard. The *second* exception on the part of the accountant, was to the effect, that the Stevenson judgment was extinguished by the payments by Stanard, and could not be legally used in procuring the proceeding in this matter.

*Banks,* for Stanard.

The opinion of the Court was delivered by

LOWRIE, J.—A. W. & R. W. Porter, in 1839, made a general assignment to McCabe for the benefit of creditors. In 1841 McCabe settled a partial account of the trust. He settled no other, and was called upon for none until 1849, when, at the instance of D. Stanard, he was cited by the Court to settle a final account, and thereupon presented the one which is the subject-matter of this proceeding. If Stanard has no interest in the trust, he has no right to call for an account, and this objection might have been raised to the citation, but it was not. The account was filed and due notice thereof given, and therefore all persons are held to have assented to its correctness who have filed no exceptions to it. Stanard alone filed exceptions, and thereupon the account was referred to an auditor, and before him the objection was raised that Stanard had no interest in the trust estate, and therefore no footing in Court. If this is true, the account stands unexcepted to and ought to be confirmed.

The following are the parts on which the objection rests: Some years after the assignment the assignors acquired valuable real estate by the death of their father; and Andrew Porter conveyed his portion of it, or a part thereof, for a nominal consideration, to Stanard in trust for his, Andrew's, wife. One of the creditors, entitled under the assignment, pursued his claim to judgment and execution, and was about to sell the property thus held in trust for Andrew's wife, when Stanard paid the judgment and had it assigned to himself. It further appeared that there were bidders on the ground ready to buy the property as Andrew's at a price exceeding the amount of the execution. Does the assignment of the judgment to Stanard, under such circumstances, give him an interest in this trust fund?

It is very manifest that the seizure of the property as Andrew's, proceeds upon the assumption that the conveyance to Stanard was void as to creditors, and that on no other assumption would a title under that process have been worth anything. The property in the sheriff's hands was offering for sale, and there were bidders on the

ground ready to buy the right to claim the property from Stanard, on the ground that his title was void as against creditors, because of its being taken in disregard of their rights. The creditor in that proceeding had undertaken to show that the conveyance to Stanard was of this character, and he, to avoid this, paid the judgment, and under the form of an assignment of it, seeks to stand as a creditor himself, and to take a share of the funds held in trust for creditors, if any remain.

Is this right? In other words, may a party to a conveyance, which the law treats as fraudulent, buy off the creditor who is offering to expose the defect, and then use a creditor's remedy, in order to reimburse himself for his purchase, out of other property dedicated to creditors? This question so plainly demands a negative answer, that it is hopeless to attempt to make it plainer by any course of reasoning. When a wrong is done to several persons, the amends made to one of them can hardly be charged against the others.

If Stanard had paid the judgment, and then asked to be substituted in equity to the plaintiff's rights for such a purpose, it would not have been allowed; for an equity cannot be erected on an illegal basis: and surely the formal assignment, obtained as this was, can give no better right. True enough, the creditor had a right to abandon the proceeding against the land, and fall back upon the trust fund; but that is nothing like this case. Possibly there are covenants in the conveyance to Stanard that may give him a remedy against the grantor; but, as against creditors, they are as void as the conveyance, and can give him no right to any form of substitution, by which he shall stand on a footing with the creditors whose rights the conveyance was calculated to embarrass.

True enough, the conveyance was good as against the grantor, and possibly therefore the payment of the lien made Andrew the debtor of Stanard to that amount; but that debt was void as to creditors prior to the conveyance, and therefore gave no right to the fund assigned for them. And, having no interest in the fund, he could have no right to any surplus that might remain after the payment of the creditors. That would be ordered to be paid to the assignors, and not to any subsequent creditors, unless they had obtained a lien on it by attachment or otherwise. That would be Porter's right of action against the assignee; but his creditors at large could not sue for it, or claim to ascertain it by excepting to the assignee's account, any more than any other creditor could sue for a debt due to his debtor. Until they obtain an interest in the surplus, or a lien upon it by assignment or by legal process, they can have no actionable right in relation to it.

January 19, 1854. This cause came on to be heard at the September Term, 1853, of this Court, on appeals

[McCabe's Appeal.]

by Daniel Stanard and by R. B. McCabe, from the decree of the Court of Common Pleas of Indiana county, settling the final account of the said McCabe, as assignee of Andrew W. Porter and Robert W. Porter, for the benefit of creditors, and was argued by counsel; and now on consideration thereof it is ordered, adjudged, and decreed that the decree of the said Court of Common Pleas be and is hereby reversed, annulled, and held as void; and this Court, now proceeding to make such decree in the premises as the said Court of Common Pleas ought to have made, do order, adjudge; and decree that the exceptions filed by the said Stanard to the said final account be and hereby are dismissed at his, the said Stanard's, costs, and that the said final account of the said McCabe be and the same is hereby absolutely confirmed, and the record remanded.